UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON DALE LOWERY, | Case No. 2:23-cv-01416-JAD-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| EL CORTEZ HOTEL & CASINO, | |
| Defendant. | |

This Court previously denied Plaintiff's Complaint as it did not contain sufficient factual allegations for the Court to assess whether he could state a claim for relief. ECF No. 4. Plaintiff has since amended his complaint. ECF No. 6. Thus, this Court screens the First Amended Complaint in compliance with 28 U.S.C. § 1915(e)(2).

**I.    SCREENING COMPLAINT**

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff alleges that Defendant sent a mass text message to its employees stating he was a sexual predator and that it also provided them with CPS documents related to a child abuse case. Plaintiff alleges statements were false. Lastly, he alleges he lost his job, transportation, and home as a result of Defendant's conduct.

A defamation claim requires demonstrating (1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Simpson v. Mars, Inc.*, 929 P.2d 966, 967 (1997). Plaintiff's allegations are sufficient to state a claim.

## II.     CONCLUSION

**IT IS ORDERED** that Plaintiff's First Amended Complaint may proceed. ECF No. 6.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff one (1) blank copy of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until November 10, 2023, to fill out and file the required USM-285 forms. On the forms, Plaintiff must fill in Defendant's last-known address so that the Defendant may be served.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue summonses, under seal, using the address Plaintiff provides on the filed USM-285 forms.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order, the sealed and issued summonses, the filed USM-285 forms, and the operative complaint (ECF No. 6) on the U.S. Marshals Service for purposes of effecting service.

DATED: October 11, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE